# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                           )
v.                         )        ID No. 1202022114
                           )
TRAVIS McNEAL,             )
                           )
          Defendant.       )

Submitted: March 26, 2018
Decided: March 28, 2018

***Upon Defendant's Motion to Dismiss***
**DENIED**

## ORDER

Before the Court is a motion to dismiss filed by Defendant Travis McNeal ("Defendant"). Defendant seeks dismissal on the grounds that his prosecution is barred by the Uniform Agreement on Detainers ("UAD"). The State opposes Defendant's motion. Upon consideration of the facts, arguments, and legal authority set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      The State alleges that on February 25, 2012, Defendant robbed a Dunkin Donuts in Newark, Delaware and a PNC Bank in Wilmington, Delaware. On November 5, 2012, an indictment was filed and a Rule 9 warrant was issued for Defendant's arrest.

2. Around this time, Defendant was also suspected of criminal activity in Pennsylvania and Maryland, and was ultimately apprehended in Pennsylvania. On November 8, 2012, Defendant was sentenced to a period of incarceration in Pennsylvania.

3. After serving time in Pennsylvania, Defendant appeared in Maryland to address his pending charges in that jurisdiction. Defendant was sentenced to fifteen years for robbery in Maryland.

4. While incarcerated in Maryland, Defendant attempted to make a speedy trial request under the UAD to resolve the charges pending against him in Delaware. On June 30, 2016, Defendant mailed his speedy trial request under the UAD via certified mail to "Superior Court State Attorney, 500 North King Street, Wilmington, DE 19801." Defendant alleges that this triggered a 180-day period in which the State of Delaware was required bring him to trial on the charges pending in Delaware. Defendant was not brought to trial within 180 days of June 30, 2016.

5. In November 2017, Defendant's Maryland sentence was reduced to time-served, and he was released.

6. On December 4, 2017, the Rule 9 warrant was returned in Delaware. Defendant posted bail in the amount of $5,000.00 secured, and he has not been incarcerated in this jurisdiction. Trial was scheduled March 27, 2018, and then rescheduled for April 3, 2018.

2

7. On February 12, 2018, Defendant filed the motion to dismiss. Defendant argues that his prosecution in Delaware is barred by the UAD because the State failed to bring Defendant to trial within 180 days of his filing a speedy trial request under the UAD. The State contends that Defendant did not follow the strict notice requirements of the UAD, and therefore, that the 180-day period under the UAD was not triggered. This is the Court's decision on Defendant's motion to dismiss.

8. The UAD is meant to simplify the difficulties that arise with "securing the speedy trial of persons already incarcerated" in one jurisdiction when they also have charges pending in another jurisdiction.[1] The Uniform Agreement on Detainers provides in relevant part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of imprisonment and the request for a final disposition to be made of the indictment, information or complaint; ...[2]

---

[1] 11 *Del. C.* § 2540.
[2] 11 *Del. C.* § 2542(a).

3

Delaware law requires that "the prisoner give actual notice to the court and prosecutor of his request for a trial before his right to a trial within 180 days vests."[3] Written notice is not effective under the UAD until the notification has been actually received by the court and the prosecutor.[4]

9. Defendant had the burden to deliver written notice of his speedy trial request to this Court and to the Delaware Department of Justice before the 180 days began to run under the UAD. However, the certified mail receipts provided by Defendant indicate that he only delivered a copy of his request to this Court, not to the Delaware Department of Justice.[5] Therefore, Defendant failed to deliver notice of his speedy trial request to the prosecutor as required by the UAD, and cannot establish that the 180-day period ever began to run.[6] As a result, Defendant's argument that his prosecution is barred under the UAD must fail.[7]

---

[3] *State v. Farrow*, 2005 WL 1653992, at *2 (Del. Super. June 3, 2005).

[4] 11 *Del. C.* § 2542(g).

[5] Defendant mailed his request to "Superior Court State Attorney, 500 North King Street, Wilmington, DE 19801." However, the Delaware Department of Justice has at all relevant times been located at "Caravel State Office Building, Seventh Floor, 820 North French Street, Wilmington, DE 19801."

[6] 11 *Del. C.* § 2542(a), (g).

[7] Defendant relies on *United States v. Reed*, 910 F.2d 621, 624 (9th Cir. 1990) to argue that the UAD's remedial provisions can still apply if "the prisoner has attempted, but through no fault of her own failed to comply with the technical requirements of the [UAD]." However, the Court finds that this case is distinguishable from *Reed*. In *Reed*, the defendant's request failed to meet the technical requirements of the UAD because the government misled the defendant on the proper way to make the request. Here, there are no allegations that Defendant

4

10.    Defendant did not effectively assert his speedy trial request under the UAD and, therefore, is not entitled to dismissal for the delay in his prosecution. As a result, Defendant's motion to dismiss must be denied.

**NOW, THEREFORE, this 28th day of March, 2018, Defendant's Motion to Dismiss is hereby DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Andrea L. Rocanelli

---

was misled in attempting his request under the UAD or that the mistake in delivery was anyone's but his own. Therefore, *Reed* is inapplicable to the present case.